IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**IVAN C. SCHLAGER,**

          **Petitioner,**

**v.**                                            **Civil Action No. 5:11CV118**
                                                      **(Judge Stamp)**

**TIMOTHY STEWART, Warden,**

          **Respondent.**

## REPORT AND RECOMMENDATION

In this § 2241 habeas corpus action, the *pro se* petitioner asserts that the Bureau of Prisons ("BOP") has wrongfully denied his admittance into the Bureau's Residential Drug Abuse Treatment Program ("RDAP"). Upon a preliminary review of the file on October 4, 2011, the undersigned found that summary dismissal was not warranted at that time and Respondent was directed to file a response to the petition. On November 1, 2011, Respondent filed a Motion to Dismiss, Motion for Summary Judgment and Response to Order to Show Cause. Petitioner filed his Reply on November 22, 2011. This matter is now before the undersigned for a report and recommendation pursuant to LR PL P § 83.01, et seq.

### I. Factual and Procedural History

According to the petition, on October 4, 2007, Petitioner was indicted on two counts of wire fraud in violation of 18 U.S.C. § 1343. On April 21, 2008, Petitioner was sentenced to a term of imprisonment of eighty-five months and three years of supervised release. Petitioner is currently designated to the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown"), and has a projected release date of September 9, 2014.

On March 10, 2011, Petitioner was reviewed for eligibility to participate in the Federal Bureau of Prison's RDAP program. After reviewing his qualification form, the BOP determined that he was not qualified for the program because he could not establish a history of substance abuse extending for a least one year prior to his arrest. There was nothing in his pre-sentence report indicating a pattern of drug or alcohol abuse within the year prior to October 4, 2007, the date he was charged with the offense. However, medical records from Petitioner's psychiatrist, Dr. Todd Engles, indicates that he saw Petitioner between May 10, 2007 and December 10, 2007, and that he prescribed Petitioner Lexapro and Xanax for anxiety and depression. Dr. Engles noted that Defendant accelerated his use of Xanax without his approval on several occasions, and that because he was misusing Xanax, the doctor decided to taper him off the drug. Finally, he stated that Petitioner meets the criteria for benzodiazepine dependence and would benefit from rehabilitative services to treat this condition.

## II. Contentions of the Parties

**A. The Petitioner**

In the petition, Petitioner asserts that the BOP's decision that he is not eligible for the RDAP program was in error because it did not have all of the documents from his doctors when it made its decision. In support of his claims, Petitioner asserts that the letter from Dr. Engle shows that he has a history of benzodiazepine dependence and that he accelerated his Xanax use without his doctor's approval.

**B. The Respondent**

In the response, Respondent first asserts generally, that BOP staff has appropriately used its discretionary authority to determine that Petitioner is not eligible for the RDAP and subsequent

early release. Second, Respondent asserts that 18 U.S.C. § 3625 precludes this Court's jurisdiction to review the BOP's substantive determination about Petitioner's eligibility. Third, Respondent asserts that the BOP did not violate Petitioner's due process rights because there is no protected liberty interest in discretionary early release. Fourth, Respondent asserts that Petitioner's equal protection argument is without merit because Petitioner cannot show that similarly situated prisoners are treated differently or that any alleged discrimination is purposeful or intentional. Accordingly, Respondent contends that the petition should be denied and dismissed with prejudice.

### III. Overview of the RDAP

The Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA") amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this requirement, the BOP must provide residential substance abuse treatment for all eligible prisoners, subject to the availability of appropriations. 18 U.S.C. § 3621(e)(1). An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B)(i) and (ii). As an incentive for the successful completion of the residential treatment program, the BOP may, in its discretion, reduce an inmate's sentence by up to one year. 18 U.S. C. § 3621(e)(2); see also Lopez v. Davis, 531 U.S. 230 (2001).

The BOP has promulgated regulations at 28 C.F.R. § 550.56 to implement the statutory requirement. According to the regulations, in order to be considered eligible for the residential drug abuse program, the inmate must have a verifiable substance use disorder, must sign an agreement acknowledging his program responsibility, must ordinarily be able to complete all the three RDAP

3

components. 28 C.F.R. § 550.53(b). Participation in the program is voluntary and decisions on placement are made by the drug abuse treatment coordinator.

On March 16, 2009, the BOP implemented Program Statement 5330.11, <u>Psychology Treatment Programs</u>, to replace Program Statement 5330.10. The new policy states that in order to be admitted to the program, an inmate must have a "diagnosable and verifiable substance use disorder." Inmates are screened by the DTS to determine if there is documentation available to verify the inmate's use of specific drugs and there is verification that can establish a pattern of substance abuse or dependence. When seeking independent verification, collateral documentation can be used such as "documentation to support a substance abuse disorder within the 12-month period before the inmate's arrest on his or her current offense" or "documentation from a substance abuse treatment provider or medical provider who diagnosed and treated the inmate for a substance abuse disorder within the 12-month period before the inmate's arrest on his or her current offense." Further, the policy states that "[r]ecreational, social or occasional use of alcohol and/or other drugs that does not rise to the level of excessive or abusive drinking does not provide the required verification of a substance abuse disorder. Any verifying documentation of alcohol or other drug use must indicate problematic use."

The DSM-IV, a manual published by the American Psychiatric Association, "defines 'substance dependence' and 'substance abuse' as 'a maladaptive pattern of substance abuse, leading to clinically significant impairment or distress . . . in [a] twelve month period. The DSM-IV also lists several symptoms relevant to diagnosing each of these conditions." <u>See</u> <u>Goren v. Apker</u>, No. 05 Ci.v 9006, 2006 WL 1062904, at *6 (S.D.N.Y. Apr. 20, 2006) (citations omitted). The BOP requires that at least one of three symptoms listed in the criteria for substance abuse or dependence

4

occur in the same twelve-month period. Thus, the BOP has instituted a practice of examining the prisoner's central file to determine if documentation exists to support a claim of substance abuse or dependence during the twelve-month period immediately preceding the prisoner's incarceration.

## IV. Analysis

### A. 18 U.S.C. § 3625

Sections 3621(b) and (e) clearly state that determining which prisoners are eligible for substance abuse treatment is within the sole discretion of the BOP, as is the decision to reduce a prisoner's sentence by up to one-year upon the successful completion of such programs. Moreover, pursuant to 18 U.S.C. § 3625, Congress has specifically excluded these subsections from judicial review under the Administrative Procedures Act ("APA"). See Davis v. Beeler, 966 F.Supp. 483, 489 (E.D.Ky. 1997). Section 3625 states: "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."[1]

Accordingly, any substantive decision by the BOP to grant or deny Petitioner's admittance into the RDAP, or regarding his eligibility to receive a one-year sentence reduction, is not reviewable by this Court. However, where judicial review under the APA is specifically excluded by statute, the United States Supreme Court has found that two questions are still appropriate for the Court's review. Davis v. Beeler, 966 F.Supp. 483, 489 (E.D. Ky 1997). The first question is whether any cognizable constitutional claim has been presented. See Webster v. Doe, 486 U.S. 592 (1988). The second question is whether an agency's interpretation of a statute is contrary to well-settled law.

---

[1] Pursuant to 5 U.S.C. § § 701 and 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute is entitled to judicial review thereof," except to the extent that a statute precludes judicial review.

See Neal v. United States, 516 U.S. 284 (1996).

**B. Constitutional Claims**

    1. Due Process

Although Petitioner does not specifically raise constitutional claims in his Petition, he might still have a due process claim if he can show that he was deprived of a liberty or property interest. Here, although Petitioner might assert that the BOP's decision that he was not eligible for the RDAP and subsequent one-year sentence reduction is a violation of his right to due process, the claim would be without merit.

It is well established that in order to demonstrate a due process violation, a petitioner must show that he was deprived of a liberty or property interest protected under the Fifth Amendment. Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). However, the Supreme Court has made it clear that a prisoner has no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(no due process protections were required concerning eligibility for rehabilitative programs in the federal system and prison officials had discretion to control these conditions); Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999)(BOP has wide discretion to determine whether an inmate enters a treatment program). Furthermore, the Supreme Court has held that there is no constitutional or inherent right in being released before the completion of a valid sentence. Greenholtz, 442 U.S. at 7; see also Sandin v. Conner, 515 U.S. 472, 484 (1995). Accordingly, Petitioner has no valid constitutional claim.

    2. Equal Protection

Although Petitioner does not specifically raise equal protection claims in his Petition either,

if the BOP's decision that he was not eligible for the RDAP and subsequent one-year sentence is a violation of his equal protection rights, he may still have a constitutional claim.

The equal protection clause provides that no person shall be denied equal protection under the laws. Therefore, to be successful on an equal protection claim, the petitioner must demonstrate that he has been treated differently from others who are similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Here, Petitioner fails to assert that any similarly situated persons were treated differently than him, or that the alleged unequal treatment was the result of intentional or purposeful discrimination. Per policy, any prisoner who wishes to participate in the RDAP must show verification of substance abuse within one year prior to his arrest or indictment. In this case, Petitioner has not shown that Dr. Engle's letter provided verifying documentation of drug use that indicates problematic use under the DSM criteria. But, even if he could, Petitioner has failed to show that any other inmate with similar documentation has been admitted to the program and granted a one-year sentence reduction. Accordingly, Petitioner has failed to show that his rights under the equal protection clause have been violated.

## C. Agency's Interpretation of the Statute

The standards set forth in Chevron U.S.A. Inc., v. Natural Resources Defense Council, Inc., 674 U.S. 837 (1984), govern a Court's review of an agency's construction of a statute. Specifically,

> [w]hen a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. In the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not

7

> simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Chevron at 842-43 (footnotes omitted).

In this case, the question is how the phrases "substance abuse problem" and "eligible prisoner" is defined. Congress has not spoken to this precise question. Instead, Congress has left it to the discretion of the BOP to determine which prisoners have a substance abuse problem and are therefore eligible for the RDAP. In defining what constitutes a substance abuse problem, the BOP has reasonably turned to a diagnostic manual published by mental health professionals who deal with this issue on a regular basis. The DSM-IV diagnoses a substance abuse problem based upon the existence of certain symptoms during a twelve-month period. Because of the high demand for the RDAP program, and the potential for abuse due to the one-year sentence reduction, the BOP has found that a prisoner's substance abuse must be verified. See Laws v. Barron, 348 F.Supp.2d 795, 800 (E.D. Ky 2004) ( "Droves of inmates who were convicted of non violent . . . offenses have applied to be accepted into qualifying programs such as the RDAP so as to be eligible for early release.") Therefore, it is reasonable for the BOP to review a prisoner's central file, including his PSI and other official court documents, for verification of self-reported substance abuse problems.

Further, the BOP has reasonably determined that the documented substance abuse problem must occur within the twelve months preceding arrest or incarceration because those individuals are most in need of the program and will receive the maximum benefit. Thus, the undersigned finds that the BOP's interpretation of "substance abuse problem," and "eligible prisoner" and its related

criteria, is a reasonable interpretation of the 18 U.S.C. § 3621,[2] and the decision of the BOP finding Petitioner ineligible for the RDAP and subsequent one-year sentence reduction does not violate the terms of the statute authorizing the RDAP.

## V.  Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

On or before February 14, 2012, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections.  A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[2] Other Courts have made similar findings. See Shew v. FCI Beckley, No. 5:05-0814, 2006 WL 3456691, at * 4 (S.D.W.Va. Sept. 19, 2006) (finding that the BOP's interpretation of § 3621(e) "neither violates any statutory or constitutional provision, nor is in conflict with any rule, regulation or program statement"); Montilla v. Nash, No. 05-2474, 2006 WL 1806414, at * 3 (D.N.J. June 28, 2006) (the challenged policy and practice of the BOP is a reasonable interpretation of the § 3621(e)); Quintana v. Bauknecht, No. 3:05-359, 2006 WL 1174353, at * 4 (N.D.Fla. May 2, 2006) (finding that the BOP's practice of requiring written document of a verifiable drug abuse problem is not an impermissible or unreasonable interpretation of § 3621(e)); Goren v. Apker,  No. 05 Ci.v 9006, 2006 WL 1062904 (S.D.N.Y. Apr. 20, 2006)(finding that the BOP's interpretation of § 3621(e)  is a permissible exercise of the broad discretion Congress granted to the BOP to administer the RDAP); Laws v. Barron, 348 F.Supp.2d 795 (E.D. Ky 2004)(the BOP's interpretation of § 3621(e) does not contravene well-settled caselaw), *but compare*, Kuna v. Daniels, 234 F.Supp.2d 1168 (D.Or. 2002) (finding that PS 5330.10 does not require verification in an inmate's central file of abuse or dependence, only the mere use of drugs or alcohol, therefore, the BOP acted arbitrarily in imposing requirements beyond those in its program statement); Mitchell v. Andrews, 235 F.Supp.2d 1085 (E.D.Cal. 2001) (finding that it is an unreasonable exercise of the BOP's discretion under the statute to require verification of a substance abuse problem in the twelve months preceding arrest or incarceration).

9

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: January 31, 2012

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE