IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IVAN C. SCHLAGER,

    Petitioner,

v.                                  Civil Action No. 5:11CV118
                                          (STAMP)
TIMOTHY STEWART, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

On September 6, 2011, the pro se[1] petitioner, Ivan C. Schlager, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the Federal Bureau of Prisons ("BOP") wrongfully denied his admittance into the Residential Drug Abuse Treatment Program ("RDAP").[2] On November 1, 2011, the respondent filed a motion to dismiss or for summary judgment in which he argues that the BOP staff appropriately used its discretionary authority to determine that the petitioner is not eligible for the RDAP and subsequent early release. Further, the respondent contends that 18 U.S.C. § 3625 precludes judicial review of the BOP's substantive determination about the petitioner's eligibility to participate in the RDAP. Finally, the respondent argues that

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at FCI-Morgantown serving a term of imprisonment of 85 months. The petitioner's projected release date is September 9, 2014.

the petitioner has no protected liberty interest in RDAP participation. On November 22, 2011, the petitioner filed a reply, in which he states that he is satisfied with his initial pleadings and believes that no response to the respondent's motion to dismiss is necessary.

United States Magistrate Judge James E. Seibert issued a report and recommendation on January 31, 2012, recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations on or before February 14, 2012. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this

case, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III.  Discussion

In the report and recommendation, the magistrate judge first provides an overview of the RDAP.  Next, the magistrate judge addresses the respondent's argument that 18 U.S.C. § 3625 precludes judicial review of the BOP's determination regarding the petitioner's eligibility to participate in the RDAP.  Ultimately, the magistrate judge concludes that any substantive decision by the BOP to grant or deny the petitioner's admittance into the RDAP is not reviewable by this Court.  This Court agrees.  Section 706 of the Administrative Procedure Act ("APA"), and its grant of judicial review, does not apply to "any determination, decision, or order" made under the RDAP statute.  18 U.S.C. § 3625; see Whitaker v. Stansberry, No. 3:08cv662, 2009 WL 3762320, at *n.10 (E.D. Va. Nov. 9, 2009); Moore v. Driver, No. 1:07cv166, 2008 WL 4661478 (N.D. W. Va. Oct. 21, 2008).

Next, the magistrate judge turns to the petitioner's constitutional claims, finding both his due process claim and equal protection claim to be without merit.  Specifically, the magistrate judge holds that the petitioner has no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (stating that Congress has given federal prison officials full discretion to control conditions of confinement such as prisoner classification

and eligibility for rehabilitative programs). Also, with regard to the petitioner's equal protection claim, the magistrate judge found that the petitioner fails to assert that any similarly situated persons were treated differently than him, or that the alleged unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). This Court finds no clear error in the conclusions of the magistrate judge regarding the petitioner's constitutional claims.

Lastly, the magistrate judge discusses the BOP's interpretation of 18 U.S.C. § 3621 and concludes that the decision of the BOP finding the petitioner ineligible for the RDAP and subsequent one-year sentence reduction does not violate the terms of the statute authorizing the RDAP. As the magistrate judge explains, this case hinges upon how the phrases "substance abuse problem" and "eligible prisoner" are defined. This Court agrees that it is within the discretion of the BOP to determine which prisoners have a substance abuse problem and are therefore eligible for the RDAP. For these reasons, the report and recommendation must be affirmed.

### IV.  Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and

AFFIRMED in its entirety.  Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE and the respondent's motion to dismiss or for summary judgment is GRANTED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: February 22, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE